**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 118974

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

Etien Hurtado and Lubena Lorenzo, individually and on behalf of all others similarly situated,

                      Plaintiffs,

        vs.

Lloyd & McDaniel, PLC,

                    Defendant.

Docket No:

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

      Etien Hurtado and Lubena Lorenzo, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Lloyd & McDaniel, PLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

      1.    This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, § 559.55, Fla. Stat., et seq. (the "FCCPA").

**JURISDICTION AND VENUE**

      2.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d), and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of Florida.

## PARTIES

5.      Plaintiff Etien Hurtado is an individual who is a citizen of the State of Florida residing in Lee County, Florida.

6.      Plaintiff Lubena Lorenzo is an individual who is a citizen of the State of Florida residing in Lee County, Florida.

7.      Plaintiff Hurtado is a natural person allegedly obligated to pay a debt.

8.      Plaintiff Lorenzo is a natural person allegedly obligated to pay a debt.

9.      Plaintiff Hurtado is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

10.     Plaintiff Lorenzo is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

11.     On information and belief, Defendant Lloyd & McDaniel, PLC, is a Kentucky Professional Limited Liability Company with a principal place of business in Jefferson County, Kentucky.

12.     Defendant regularly collects or attempts to collect debts asserted to be owed to others.

13.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14.     The principal purpose of Defendant's business is the collection of such debts.

15.     Defendant uses the mails in its debt collection business.

16.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) Fla. Stat. § 559.55(7), and is subject to the FCCPA.

17.     Defendant is a corporation subject to the FCCPA.

## ALLEGATIONS SPECIFIC TO PLAINTIFFS

18.     Defendant alleges each of the Plaintiffs owe a debt ("the alleged Debts").

2

19.     The alleged Debts are alleged obligations of Plaintiffs to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

20.     The alleged Debts do not arise from any business enterprise of Plaintiffs.

21.     The alleged Debts are "debts" as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

22.     At an exact time known only to Defendant, the alleged Debts were each assigned or otherwise transferred to Defendant for collection.

23.     At the time the alleged Debts were assigned or otherwise transferred to Defendant for collection, the alleged Debts were in default.

24.     In its efforts to collect the debt allegedly owed by Plaintiff Hurtado, Defendant contacted Plaintiff Hurtado by letter ("the Hurtado Letter") dated September 10, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

25.     In its efforts to collect the debt allegedly owed by Plaintiff Lorenzo, Defendant contacted Plaintiff Lorenzo by letter ("the Lorenzo Letter") dated September 10, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 2."**)

26.     The aforementioned letters are sometimes referred to herein as collectively as "the Letters."

27.     The Letters conveyed information regarding the alleged Debts.

28.     The Letters are "communications" as defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(2).

29.     The Hurtado Letter was the initial communication Plaintiff  Hurtado received from Defendant.

30.     The Lorenzo Letter was the initial communication Plaintiff  Lorenzo received from Defendant.

31.     The Letters were received and read by Plaintiffs.

32.     The Letters are identical for all materially relevant purposes herein.

33.     15 U.S.C. § 1692g protects Plaintiffs' concrete interests.  Plaintiffs have the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector.  As set forth herein, Defendant deprived Plaintiffs of this right.

34.     15 U.S.C. § 1692e protects Plaintiffs' concrete interests.   Plaintiffs have the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiffs of this right.

35.     The deprivation of Plaintiffs' rights will be redressed by a favorable decision herein.

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g(a)(1)**
**AS TO PLAINTIFF HURTADO**

36.     Plaintiff Hurtado repeats and realleges paragraphs 5, 7, 9, 16, 18, 19, 21, 24, 28, 29 and 31, as if fully restated herein.

37.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

38.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

39.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately state the amount of the debt.

40.     A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

41.     The Letter claims that Plaintiff owed $14,175.32.

42.     Plaintiff did not owe $14,175.32.

43.     Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect.

44.     Defendant's statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

45.     For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

**SECOND COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**
**AS TO PLAINTIFF HURTADO**

46.     Plaintiff Hurtado repeats and realleges paragraphs 5, 7, 9, 16, 18, 19, 21, 24, 28, 31, 41, 42 and 43 as if fully restated herein.

47.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

49.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

50.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

51.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

52.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

53.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

54.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

55.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

56.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

57.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

58.     Defendant's allegation that Plaintiff owed $14,175.32, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

59.     Defendant's allegation that Plaintiff owed $14,175.32, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

60.     Defendant's allegation that Plaintiff owed $14,175.32, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

61.     Defendant's allegation that Plaintiff owed $14,175.32, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

62.     Defendant's allegation that Plaintiff owed $14,175.32, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

63.     Defendant's allegation that Plaintiff owed $14,175.32, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

64.     Defendant's allegation that Plaintiff owed $14,175.32, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

65.     Defendant's allegation that Plaintiff owed $14,175.32, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

66.   For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692g(a)(2)**
**AS TO PLAINTIFF HURTADO**

67.   Plaintiff Hurtado repeats and realleges paragraphs 5, 7, 9, 16, 18, 19, 21, 24, 28, 29 and 31, as if fully restated herein.

68.   15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

69.   As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

70.   To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

71.   A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

72.   The Letter claims the name of the creditor to whom the alleged Debt is owed is Jefferson Capital Systems, LLC.

73.   Plaintiff did not owe the alleged Debt to Jefferson Capital Systems, LLC.

74.   Jefferson Capital Systems, LLC never offered to extend credit to Plaintiff.

75.   Jefferson Capital Systems, LLC never extended credit to Plaintiff.

76.   Plaintiff was never involved in any transaction with Jefferson Capital Systems, LLC.

77.   Plaintiff never entered into any contract with Jefferson Capital Systems, LLC.

78.   Plaintiff never did any business with Jefferson Capital Systems, LLC.

79.   Plaintiff was never indebted to Jefferson Capital Systems, LLC.

80.   Jefferson Capital Systems, LLC is a stranger to Plaintiff.

81.   Defendant's statement that Jefferson Capital Systems, LLC is "the name of the creditor to whom the debt is owed," when Jefferson Capital Systems, LLC is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

82.    For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(2) and is liable to Plaintiff therefor.

**FOURTH COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**
**AS TO PLAINTIFF HURTADO**

83.    Plaintiff Hurtado repeats and realleges paragraphs 5, 7, 9, 16, 18, 19, 21, 24, 28, 31, 31, and 72 through 80, as if fully restated herein

84.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

85.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

86.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

87.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

88.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

89.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

90.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

91.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

92.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

93.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

94.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

95.     Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

96.     Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

97.     Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

98.     Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

99.     Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

100.     Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

101.     Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation made in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

102.     Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a deceptive means used in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

103.     Defendant's demand that Plaintiff make payment for a debt that he does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

104.     Defendant's request that Plaintiff make payment for a debt that he does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

105.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.


**FIFTH COUNT**
**Violation of 15 U.S.C. §§ 1692g(b)**
**AS TO PLAINTIFF HURTADO**

106.     Plaintiff Hurtado repeats and realleges paragraphs 5, 7, 9, 16, 18, 19, 21, 24, 28, 29 and 31, as if fully restated herein.

107.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

108.     15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

109.     15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

110.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

111.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

112.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

113.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

114.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

115.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

116.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

117.    A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

118.    The Letter is on the letterhead of "Lloyd & McDaniel."

119.    Under the law firm's name on top of the Letter, it reads "THE CREDITORS LAW FIRM."

120.    The Letter states, "Jefferson Capital Systems, LLC referred your account to this firm for Collections."

121.    The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from the law firm.

122.    The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the alleged Debt was assigned to the law firm.

123.    The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from an attorney.

124.    The least sophisticated consumer would likely assume that the attorney has been genuinely involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

125.     The least sophisticated consumer would likely assume that the attorney has been meaningfully involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

126.     The least sophisticated consumer would likely assume that the attorney has been personally involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

127.     The least sophisticated consumer would likely assume that the attorney determined that the letter should be sent.

128.     As such, the least sophisticated consumer would likely feel threatened.

129.     As such, the least sophisticated consumer would likely feel intimidated.

130.     As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant.

131.     As such, the least sophisticated consumer would likely believe he or she would be sued by a law firm acting as a debt collector.

132.     As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant if he or she did not pay the debt.

133.     The Letter fails to advise that the fact the alleged Debt was assigned to a law firm does not override the Plaintiff's right to dispute the alleged Debt.

134.     The Letter fails to advise that the fact the alleged Debt was assigned to a law firm does not override the Plaintiff's right to request validation of the alleged Debt.

135.     The Letter fails to advise that the fact the alleged Debt was assigned to a law firm does not override the Plaintiff's right to request the name and address of the original creditor.

136.     As such, the least sophisticated consumer would likely feel would likely believe he or she would be sued by Defendant if he or she exercised his or her validation rights.

137.     As such, the least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be subject to legal action.

138.     As such, the least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be subject to legal action even during the verification process.

139.     As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt in violation of 15 U.S.C. § 1692g(b).

12

140.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt in violation of 15 U.S.C. § 1692g(b).

141.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request the name and address of the original creditor in violation of 15 U.S.C. § 1692g(b).

142.    As a result of the foregoing, the least sophisticated consumer would likely be confused as to her rights in violation of 15 U.S.C. § 1692g(b).

143.    As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to her rights in violation of 15 U.S.C. § 1692g(b).

144.    As a result of the foregoing, the Letter overshadows the disclosure of the consumer's right to dispute the alleged Debt in violation of 15 U.S.C. § 1692g(b).

145.    As a result of the foregoing, the Letter overshadows the disclosure of the consumer's right to request validation of the alleged Debt in violation of 15 U.S.C. § 1692g(b).

146.    As a result of the foregoing, the Letter overshadows the disclosure of the consumer's right to request the name and address of the original creditor in violation of 15 U.S.C. § 1692g(b).

147.    As a result of the foregoing, the Letter is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt in violation of 15 U.S.C. § 1692g(b).

148.    As a result of the foregoing, the Letter is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt in violation of 15 U.S.C. § 1692g(b).

149.    As a result of the foregoing, the Letter is inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor in violation of 15 U.S.C. § 1692g(b).

150.    For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(b) and is liable to Plaintiff therefor.


### SIXTH COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3) and 1692e(10)
### AS TO PLAINTIFF HURTADO

151.    Plaintiff Hurtado repeats and realleges paragraphs 5, 7, 9, 16, 18, 19, 21, 24, 28, and 31.

152.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

153.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

154.    15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

155.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

156.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon* 988 F.2d at 1318.

157.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon* 988 F.2d at 1319.

158.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis* 269 F.3d at 161.

159.    The Letter is on the letterhead of "Lloyd & McDaniel."

160.    Under the law firm's name on top of the Letter, it reads "THE CREDITORS LAW · FIRM."

161.    The Letter states, "Jefferson Capital Systems, LLC referred your account to this firm for Collections."

162.    The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from the law firm.

163.    The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the alleged Debt was assigned to the law firm.

164.    The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from an attorney.

165.    The least sophisticated consumer would likely assume that the attorney has been genuinely involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

14

166.    The least sophisticated consumer would likely assume that the attorney has been meaningfully involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

167.    The least sophisticated consumer would likely assume that the attorney has been personally involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

168.    The least sophisticated consumer would likely assume that the attorney determined that the letter should be sent.

169.    As such, the least sophisticated consumer would likely feel threatened.

170.    As such, the least sophisticated consumer would likely feel intimidated.

171.    As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant.

172.    As such, the least sophisticated consumer would likely believe he or she would be sued by a law firm acting as a debt collector.

173.    As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant if he or she did not pay the debt.

174.    However, no attorney with Defendant sent the Letter to Plaintiff.

175.    No attorney with Defendant was genuinely involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

176.    No attorney with Defendant was meaningfully involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

177.    No attorney with Defendant was personally involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

178.    The Letter's signature block states "Lloyd & McDaniel," but is unsigned.

179.    The Letter misleads consumers into believing that there was meaningful attorney involvement in the collection of the debt.

180.    The least sophisticated consumer would likely be misled to believe that an attorney was genuinely involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

181.    The least sophisticated consumer would likely be misled to believe that an attorney was meaningfully involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

182.    The least sophisticated consumer would likely be misled to believe that an attorney was personally involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

183.    The least sophisticated consumer would likely be misled to believe that an attorney determined that the letter should be sent.

184.    Defendant's conduct is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

185.    Defendant's conduct is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

186.    Defendant's conduct is a false representation of the legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

187.    Defendant's conduct is a false representation that the Letter was from an attorney in violation of 15 U.S.C. § 1692e(3).

188.    Defendant's conduct is a false implication that the Letter was from an attorney in violation of 15 U.S.C. § 1692e(3).

189.    Defendant's conduct is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

190.    Defendant's conduct is a is a deceptive means in an attempt to collect the alleged Debt in violation of  15 U.S.C. § 1692e(10).

191.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3) and 1692e(10) and is liable to Plaintiff therefor.


**SEVENTH COUNT**
**Violation of § 559.72 of the FCCPA**
**AS TO PLAINTIFF HURTADO**

192.    Plaintiff Hurtado repeats and realleges paragraphs 5, 7, 9, 16, 17, 18, 19, 21, 24, 28, and 31.

193.    Section 559.72(9) of the FCCPA provides that a debt collector shall not "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

194.    Defendant knew that it did not have a legal right to collect the debt not owed.

195.    Defendant violated Section 559.72(9) of the FCCPA.


**EIGHTH COUNT**
**Violation of 15 U.S.C. § 1692g(a)(1)**
**AS TO PLAINTIFF LORENZO**

196.    Plaintiff Lorenzo repeats and realleges paragraphs 6, 8, 10, 16, 18, 19, 21, 25, 28, 30, 31 and 37 though 40, as if fully restated herein.

197.    The Letter claims that Plaintiff owed $14,175.32.

198.    Plaintiff did not owe $14,175.32.

199.    Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect.

200.    Defendant's statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

201.    For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.


**NINTH COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**
**AS TO PLAINTIFF LORENZO**

202.    Plaintiff Lorenzo repeats and realleges paragraphs 6, 8, 10, 16, 18, 19, 21, 25, 28, 31, as if fully restated herein.

203.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

204.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

205.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

206.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

207.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

208.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

209.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

210.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

211.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

212.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

213.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

214.    The Letter alleges that Plaintiff owed $14,175.32.

215.    Plaintiff did not owe $14,175.32.

216.    Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect.

217.    Defendant's allegation that Plaintiff owed $14,175.32, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

218.    Defendant's allegation that Plaintiff owed $14,175.32, when Plaintiff did not owe

any money at all to the entity on whose behalf Defendant was seeking to collect, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

219.    Defendant's allegation that Plaintiff owed $14,175.32, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

220.    Defendant's allegation that Plaintiff owed $14,175.32, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

221.    Defendant's allegation that Plaintiff owed $14,175.32, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

222.    Defendant's allegation that Plaintiff owed $14,175.32, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

223.    Defendant's allegation that Plaintiff owed $14,175.32, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false representation made in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

224.    Defendant's allegation that Plaintiff owed $14,175.32, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a deceptive means used in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

225.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.


**TENTH COUNT**
**Violation of 15 U.S.C. § 1692g(a)(2)**
**AS TO PLAINTIFF LORENZO**

226.    Plaintiff Lorenzo repeats and realleges paragraphs 6, 8, 10, 16, 18, 19, 21, 25, 28, 30 and 31, as if fully restated herein.

227.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

228.    As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

229.    To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

230.    A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

231.    The Letter claims the name of the creditor to whom the alleged Debt is owed is Jefferson Capital Systems, LLC.

232.    Plaintiff did not owe the alleged Debt to Jefferson Capital Systems, LLC.

233.    Jefferson Capital Systems, LLC never offered to extend credit to Plaintiff.

234.    Jefferson Capital Systems, LLC never extended credit to Plaintiff.

235.    Plaintiff was never involved in any transaction with Jefferson Capital Systems, LLC.

236.    Plaintiff never entered into any contract with Jefferson Capital Systems, LLC.

237.    Plaintiff never did any business with Jefferson Capital Systems, LLC.

238.    Plaintiff was never indebted to Jefferson Capital Systems, LLC.

239.    Jefferson Capital Systems, LLC is a stranger to Plaintiff.

240.    Defendant's statement that Jefferson Capital Systems, LLC is "the name of the creditor to whom the debt is owed," when Jefferson Capital Systems, LLC is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

241.    For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(2) and is liable to Plaintiff therefor.

**ELEVENTH COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**
**AS TO PLAINTIFF LORENZO**

242.    Plaintiff Lorenzo repeats and realleges paragraphs 6, 8, 10, 16, 18, 19, 21, 25, 28, and 31, as if fully restated herein.

243.	15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

244.	An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

245.	An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

246.	An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

247.	15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

248.	An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

249.	An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

250.	An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

251.	15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

252.	An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

253.	An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

254.	The Letter claims that Plaintiff owes a debt to Jefferson Capital Systems, LLC.

255.   Plaintiff did not owe a debt to Jefferson Capital Systems, LLC.

256.   Jefferson Capital Systems, LLC never offered to extend credit to Plaintiff.

257.   Jefferson Capital Systems, LLC never extended credit to Plaintiff.

258.   Plaintiff was never involved in any transaction with Jefferson Capital Systems, LLC.

259.   Plaintiff never entered into any contract with Jefferson Capital Systems, LLC.

260.   Plaintiff never did any business with Jefferson Capital Systems, LLC.

261.   Plaintiff was never indebted to Jefferson Capital Systems, LLC.

262.   Jefferson Capital Systems, LLC is a stranger to Plaintiff.

263.   Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

264.   Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

265.   Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

266.   Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

267.   Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

268.   Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

269.     Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation made in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

270.     Defendant's allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

271.     Defendant's demand that Plaintiff make payment for a debt that he does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

272.     Defendant's request that Plaintiff make payment for a debt that he does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

273.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

**TWELFTH COUNT**
**Violation of 15 U.S.C. §§ 1692g(b)**
**AS TO PLAINTIFF LORENZO**

274.     Plaintiff Lorenzo repeats and paragraphs 6, 8, 10, 16, 18, 19, 21, 25, 28, 30 and 31 as if fully restated herein.

275.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

276.     15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

277.     15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

278.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

279.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

280.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

281.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

282.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

283.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

284.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

285.    A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

286.    The Letter is on the letterhead of "Lyoyd & McDaniel."

287.    Under the law firm's name on top of the Letter, it reads "THE CREDITORS LAW · FIRM."

288.    The Letter states, "Jefferson Capital Systems, LLC referred your account to this firm for Collections."

289.    The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from the law firm.

290.    The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the alleged Debt was assigned to the law firm.

24

291.    The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from an attorney.

292.    The least sophisticated consumer would likely assume that the attorney has been genuinely involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

293.    The least sophisticated consumer would likely assume that the attorney has been meaningfully involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

294.    The least sophisticated consumer would likely assume that the attorney has been personally involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

295.    The least sophisticated consumer would likely assume that the attorney determined that the letter should be sent.

296.    As such, the least sophisticated consumer would likely feel threatened.

297.    As such, the least sophisticated consumer would likely feel intimidated.

298.    As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant.

299.    As such, the least sophisticated consumer would likely believe he or she would be sued by a law firm acting as a debt collector.

300.    As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant if he or she did not pay the debt.

301.    The Letter fails to advise that the fact the alleged Debt was assigned to a law firm does not override the Plaintiff's right to dispute the alleged Debt.

302.    The Letter fails to advise that the fact the alleged Debt was assigned to a law firm does not override the Plaintiff's right to request validation of the alleged Debt.

303.    The Letter fails to advise that the fact the alleged Debt was assigned to a law firm does not override the Plaintiff's right to request the name and address of the original creditor.

304.    As such, the least sophisticated consumer would likely feel would likely believe he or she would be sued by Defendant if he or she exercised his or her validation rights.

305.    As such, the least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be subject to legal action.

306.    As such, the least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be subject to legal action even during the verification process.

307.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt in violation of 15 U.S.C. § 1692g(b).

308.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt in violation of 15 U.S.C. § 1692g(b).

309.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request the name and address of the original creditor in violation of 15 U.S.C. § 1692g(b).

310.    As a result of the foregoing, the least sophisticated consumer would likely be confused as to her rights in violation of 15 U.S.C. § 1692g(b).

311.    As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to her rights in violation of 15 U.S.C. § 1692g(b).

312.    As a result of the foregoing, the Letter overshadows the disclosure of the consumer's right to dispute the alleged Debt in violation of 15 U.S.C. § 1692g(b).

313.    As a result of the foregoing, the Letter overshadows the disclosure of the consumer's right to request validation of the alleged Debt in violation of 15 U.S.C. § 1692g(b).

314.    As a result of the foregoing, the Letter overshadows the disclosure of the consumer's right to request the name and address of the original creditor in violation of 15 U.S.C. § 1692g(b).

315.    As a result of the foregoing, the Letter is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt in violation of 15 U.S.C. § 1692g(b).

316.    As a result of the foregoing, the Letter is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt in violation of 15 U.S.C. § 1692g(b).

317.    As a result of the foregoing, the Letter is inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor in violation of 15 U.S.C. § 1692g(b).

318. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(b) and is liable to Plaintiff therefor.

**THIRTEENTH COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3) and 1692e(10)**
**AS TO PLAINTIFF LORENZO**

319. Plaintiff Lorenzo repeats and realleges paragraphs 6, 8, 10, 16, 18, 19, 21, 25, 28, and 31, as if fully restated herein .

320. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

321. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

322. 15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

323. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

324. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon* 988 F.2d at 1318.

325. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon* 988 F.2d at 1319.

326. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis* 269 F.3d at 161.

327. The Letter is on the letterhead of "Lyoyd & McDaniel."

328. Under the law firm's name on top of the Letter, it reads "THE CREDITORS LAW FIRM."

329. The Letter states, "Jefferson Capital Systems, LLC referred your account to this firm for Collections."

330. The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from the law firm.

331.    The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the alleged Debt was assigned to the law firm.

332.    The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from an attorney.

333.    The least sophisticated consumer would likely assume that the attorney has been genuinely involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

334.    The least sophisticated consumer would likely assume that the attorney has been meaningfully involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

335.    The least sophisticated consumer would likely assume that the attorney has been personally involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

336.    The least sophisticated consumer would likely assume that the attorney determined that the letter should be sent.

337.    As such, the least sophisticated consumer would likely feel threatened.

338.    As such, the least sophisticated consumer would likely feel intimidated.

339.    As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant.

340.    As such, the least sophisticated consumer would likely believe he or she would be sued by a law firm acting as a debt collector.

341.    As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant if he or she did not pay the debt.

342.    However, no attorney with Defendant sent the Letter to Plaintiff.

343.    No attorney with Defendant was genuinely involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

344.    No attorney with Defendant was meaningfully involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

345.    No attorney with Defendant was personally involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

346.    The Letter's signature block states "Lloyd & McDaniel," but is unsigned.

347.    The Letter misleads consumers into believing that there was meaningful attorney involvement in the collection of the debt.

348.    The least sophisticated consumer would likely be misled to believe that an attorney was genuinely involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

349.    The least sophisticated consumer would likely be misled to believe that an attorney was meaningfully involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

350.    The least sophisticated consumer would likely be misled to believe that an attorney was personally involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

351.    The least sophisticated consumer would likely be misled to believe that an attorney determined that the letter should be sent.

352.    Defendant's conduct is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

353.    Defendant's conduct is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

354.    Defendant's conduct is a false representation of the legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

355.    Defendant's conduct is a false representation that the Letter was from an attorney in violation of 15 U.S.C. § 1692e(3).

356.    Defendant's conduct is a false implication that the Letter was from an attorney in violation of 15 U.S.C. § 1692e(3).

357.    Defendant's conduct is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

358.    Defendant's conduct is a is a deceptive means in an attempt to collect the alleged Debt in violation of  15 U.S.C. § 1692e(10).

359.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3) and 1692e(10) and is liable to Plaintiff therefor.


**FOURTEENTH COUNT**
**Violation of § 559.72 of the FCCPA**

**AS TO PLAINTIFF LORENZO**

360.    Plaintiff Lorenzo repeats and realleges paragraphs 6, 8, 10, 16, 17, 18, 19, 21, 25, 28 and 31, as if fully restated herein .

361.    Section 559.72(9) of the FCCPA provides that a debt collector shall not "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

362.    Defendant knew that it did not have a legal right to collect the debt not owed.

363.    Defendant violated Section 559.72(9) of the FCCPA.

**CLASS ALLEGATIONS**

364.    Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of Florida.

365.    Plaintiffs seek to certify aclass twoclasses of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiffs, which letter was sent on or after a date one year prior to the filing of this action to the present.

366.    This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k and Fla. Stat. § 559.77.

367.    The Class consists of more than thirty-five persons.

368.    Plaintiffs' claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

369.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

30

370.    Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws

### JURY DEMAND

371.    Plaintiffs hereby demand a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs respectfully request judgment as follows:

    a.   Certify this action as a class action; and

    b.   Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

    c.   Find that Defendant's actions violate the FDCPA and FCCPA; and

    d.   Grant damages against Defendant pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2); and

    e.   Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2); and

    f.   Grant Plaintiffs' costs; all together with

    g.   Such other relief that the Court determines is just and proper.

DATED: February 13, 2020

**BARSHAY SANDERS, PLLC**

By:    */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055

31

csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 118974